UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 MAY 10  PM 12: 27

CLERK

BY_____
  DEPUTY CLERK

| | |
|---|---|
| Dunkin' Donuts, Inc. and Baskin-Robbins USA, Co., | ) ) ) |
| Petitioners, | ) ) ) |
| v. | ) )  Case No. 2:11-mc-18-cr |
| Irwin J. Barkan and D&D Barkan, LLC, | ) ) ) ) |
| Respondents. | ) |

### ORDER DENYING REQUEST FOR HEARING ON PETITION
### TO REGISTER FOREIGN JUDGMENT
(Doc. 3)

This matter comes before the court on a challenge by Respondents Irwin J. Barkan and D&D Barkan, LLC to the registration of a foreign judgment by Petitioners Dunkin' Donuts, Inc. and Baskin-Robbins USA, Co. ("Petitioners"). Petitioners are represented by Holly Kilibarda, Esq. Mr. Barkan is representing himself. As to D&D Barkan, LLC, Mr. Barkan has signed his name on its behalf, but there is no indication in the record that he is an attorney. Because a corporation may not appear in federal court *pro se*, the submission by D&D Barkan, LLC is not properly before the court at this time. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010).

Under 28 U.S.C. § 1963, a final judgment entered in a district court may be registered in any other district court. The statute requires that the registering party file a certified copy of the initial judgment "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Once registered, the judgment "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

On March 21, 2011, Petitioners filed a petition in this court, seeking to register a foreign judgment obtained in the United States District Court for the District of Rhode Island in the amount of $32,501.48 (the "Judgment"). Petitioners also filed a certified copy of the Judgment (Doc. 1-1 at 2), and a "Clerk's Certification of a Judgment to be Registered in Another District" certifying that "no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before [the United States District Court for the District of Rhode Island] and that no appeal has been filed or, if one was filed, that it is no longer pending." (Doc. 1-1 at 1.) The Judgment was entered by this court on the day the petition was filed. (Doc. 1.)

On March 29, 2011, Mr. Barkan noticed his *pro se* appearance, and on April 4, 2011, filed a response and a request for hearing. In his response, Mr. Barkan asserts that he intends to pursue certain claims against Petitioners in "the Massachusetts courts," and to make an ethics claim against Petitioners' law firm "for misrepresentations made" in the course of the litigation that produced the Judgment. (Doc. 3 at 1.) For relief, he asks this court to "[d]eny the petition until adjudication of the above matters directly related to the equity of the judgment" and to hold a hearing "so that Respondent may argue on its own behalf and present evidence in support of this request." *Id.* Mr. Barkin does not cite any law in support of his request. He appears to be challenging the validity of the Judgment, and to be claiming that its enforcement would be inequitable. For the reasons set forth below, the District of Vermont is not the proper venue for such challenges.

When a party attacks the validity of a judgment, relief is generally obtained "in the court in which the judgment originally was rendered." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2787 (2d ed. 1995) ("FED. PRAC. & PRO."). "This is so because 'the district court rendering the judgment' is generally 'more familiar with the facts' and 'perhaps more conversant with the applicable law' than a district court of registration." *Fifth Third Bank v. Mytelka*, No. 05-cv-52 (DLI), 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008) (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980)); *see Fuhrman v. Livaditis*, 611 F.2d 203, 205 (7th Cir. 1979) ("efficient judicial administration is furthered if the

registering court defers to the original court"). Courts have also found that deference to the rendering court supports the interests of comity among the federal districts courts. *See, e.g., Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, 249 (1st Cir. 1982) (citing *Fuhrman*, 611 F.2d at 205).

At least one circuit, the Seventh, has suggested that a challenge to a registered judgment *must* be presented to the court that rendered the judgment in question. *See Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000). The Second Circuit has not adopted such a bright-line rule, but has instead made a limited allowance for cases, such as those involving entry of a default judgment, in which the rendering court is no more familiar with the facts of the case than the court of registration. *See Covington*, 629 F.2d at 733-34. Other circuits have allowed voidness challenges, filed under Fed. R. Civ. P. 60(b)(4), to be considered by registering courts. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 252-55 (3d Cir. 2008) (collecting cases).

Neither of those circumstances is present here. Based upon Mr. Barkan's submissions, the Judgment appears to have been achieved after significant litigation. Indeed, copies of correspondence he has submitted to the court make reference to subpoenas, depositions, and an appeal to the United States Court of Appeals for the First Circuit. (Docs. 3-1, 3-2.) There is thus no evidence that the Judgment was achieved by default, nor is there any allegation that the Judgment is void. *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void . . . only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.").

Accordingly, the interests of both judicial economy and comity will be best served if this court declines to review Mr. Barkan's claims, and defers his arguments to a more appropriate venue. *See* FED. PRAC. & PRO. § 2865 ("it is appropriate for the court in the district of registration to decline to pass on the motion for [Rule 60(b)] relief and to require the moving party to proceed in the court that gave judgment"); *United States v. Fluor Corp.*, 436 F.2d 383, 384-85 (2d Cir. 1970) (affirming registration court's denial of

Rule 60(b)(5) motion without prejudice). To the extent Mr. Barkan's response to the petition (Doc. 3) constitutes a motion, the motion is DENIED WITHOUT PREJUDICE. Mr. Barkan's request for a hearing is also DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of May, 2011.

_____
Christina Reiss, Chief Judge
United States District Court